COPY

United States District Court
Southern District of Texas
Corpus Christi Division

Ruben Oscar Gutierrez
vs.
Michael J. Purdy, Warden

C-00-091

United States District Court
Southern District of Texas
FILED
FEB 28 2000
MICHAEL N. MILBY CLERK

## Motion for Relief of Procedural Due Process Violations and for Appointment of Counsel

Now Comes, Ruben Oscar Gutierrez, petitioner, here forth, Pro-Se, under 28 U.S.C. § 2241, Habeas Corpus relief, seeking relief for Procedural Due Process Violations caused by wrongful transfer from designated institution, continued detention in Administrative Segregation after transfer, and failure to appoint counsel, petitioner, through this motion will show the following:

### I.

On or about March 4, 1999, the S.I.S. Office in FCI Three Rivers after receiving three (3) unsigned drop notes, called petitioner to the Special Housing Unit (SHU) and placed petitioner in Administrative detention under investigation. At no time was petitioner given a written order for detention. Petitioner was transferred to U.S.P Beaumont without a hearing on May 6, 1999 and has remained in Administrative detention at the S.H.U. in U.S.P Beaumont. Petitioner received an order upon his arrival. (See Exhibit A)

### II.

From May 7, 1999 thru June 16, 1999, petitioner unsuccessfully addressed staff through written requests attempting

1.

(page 2)

to get information for his transfer and continued detention in S.H.U. all requests were ignored. During this time petitioner also wrote staff in Three Rivers FCI and received no response. Petitioner filed numerous requests for appointment of counsel and attached proof of indigency, again petitioners request were ignored. Requests to counselor Ms. Showers, Case Manager Ms. Salmi, Unit Manager Mr. Thomas, S.H.U. Lt's Haas and Shmall, S.I.S. Lt. Rivera, S.I.A. Lt. Marshall, Captain Whaley and Warden Chandler, all were ignored. Petitioner then seeked relief at Regional level from Mr. Morris, Correctional Service Administrator. From June 18, 1999 thru October 5, 1999 five seperate requests were filed to Mr. Morris all were forwarded to the warden for a response, but were ignored. (See Exhibits B, C, D, E, F & G) On October 13, 1999, one of petitioners request was finally responded to. The issue of appointment of counsel was ignored. On November 9, 1999 petitioner filed a request for appointment of counsel to Mr. Rankin, Regional Director, the request was forwarded to Mr. Morris who responded on December 7, 1999, but again failed to address the issue of appointment of counsel. In seven (7) months I've received two (2) responses out of over twenty-five (25) request. The responses I have received donot resolve the procedural due process violations or failure to appoint counsel. (See Exhibit I)

### III.

Petitioner has been informed that Three Rivers FCI, FBI and O.I.G. are investigating petitioner for a felony. Petitioner has wasted nine (9) months and has exhausted Administrative remedy in getting relief for procedural due process violations

(page 3)

and for appointment of counsel.

## IV

Petitioners procedural due process was violated by the wrongful transfer. A transfer from petitioners designated prison, absent advanced written notice of claimed violation, written statement of fact finders as to evidence relied upon and reasons for disciplinary action and opportunity to call witnesses and present documentary evidence in defense is a violation of [U.S.C.A. Const. Amends. 5 & 14; 28 C.F.R. § 541.14, 541.17, 541.22](Wolff v. McDonnell 488 U.S. 539, 563-566; 94 S.CT. 2963, 41 L.Ed 2d. 935)(1974) Rizvi vs Crabtree 42 Fed Supp. 2d Series 1024-1026

Bureau of Prisons (B.O.P.) Policy Statement [5270.07 Chapter 5 Page 2 (1)(b)(1)] states: "An inmate who is subject to a criminal prosecution for violations will not be transferred from the jurisdiction of the trial court without the consent of the appropriate U.S. Attorney of the court in which the case is pending." Petitioner corresponded to the Clerk of the Court in the Southern District, Corpus Division, but received no response as to whether such consent was given to Three Rivers FCI.

B.O.P Policy Statement 5270.07, Chapter 9, Page 7(a)] states: "Staff ordinarily within ninety (90) days of an inmates placement in post-disciplinary detention, shall except for pre-trial inmates, either return the inmate to general population or request level assistance to effect a transfer to a more suitable institution."

On occasion, court requirements or similar constraints require an inmates retention beyond ninety (90) days (for example,

(page 4)

the inmate cannot be transferred due to pending charges) whenever it is necessary to hold an inmate in post-disciplinary detention beyond ninety (90) days the Regional Director is to be notified.

(i) If an inmate is unable to be placed into general population, the reason is documented and the case, with all relevant materials, is referred to the appropriate Regional Director, Attn: Regional Correctional Service Administrator will review the case with the Regional Designator and recommended placement will then be given to Regional Director.

Petitioners' continued detention passed ninety (90) days as specified in 28 C.F.R. § 541.11 (1982) creates a violation of procedural due process. "Federal Prison regulations specify that Administrative detention can only continue indefinitely where detention is in contemplation of a criminal prosecution. In this way the prison regulations create a condition of confinement that embodies an accusation which generates a Sixth Amendment Right to the assistance of counsel." (U.S. vs. Gouveia 704 F.2d. 1124)

In Conclusion, petitioner argues that eventhough numerous violations have occurred to have him wrongfully transferred and with his continued detention without the appointment of counsel at his with written request with proof of indigency. Petitioner claims he should be released to population because he poses no hinderance to the investigation which is in Three Rivers FCI and not in U.S.P Beaumont. If U.S.P. Beaumont is not suitable for petitioner, then an immediate transfer should be done to a suitable institution where petitioner may be released in population.

(page 5)

Wherefore, petitioner prays this Honorable Court will grant his motion, appoint counsel, release to population or transfer to a suitable institution where he can be released.

*Ruben Oscar Gutierrez*

Respectfully Submitted
Ruben Oscar Gutierrez 52289-079
P.O. Box 26030
Beaumont, Texas 77720-6030

<u>Certificate of Service</u>

I certify that a true and correct copy has been forwarded to the clerk on February 16th 2000.

*Ruben Oscar Gutierrez*
RUBEN OSCAR GUTIERREZ
52289-079

"EXHIBIT A"

BP-S308.052 ADMINISTRATIVE DETENTION ORDER CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

---

USP BEAUMONT TEXAS
Institution

Date/Time: __MAY 6, 1999 9:30PM__

TO      : Special Housing Unit Officer

FROM    : __J. GENTRY, LIEUTENANT__ , (Name/Title)

SUBJECT : Placement of __INMATE GUTIERREZ, RUBEN__ , Reg. No. __52289-079__ , in Administrative Detention

_____ (a) Is pending a hearing for a violation of Bureau regulations;

_____ (b) Is pending investigation of a violation of Bureau regulations;

_____ (c) Is pending investigation or trial for a criminal act;

__XX__ (d) Is to be admitted to Administrative Detention

   _____ (1) Since the inmate has requested admission for protection;

   I hereby request placement in Administrative Detention for my own protection.

   Inmate Signature/Register No.: _____

   Staff Witness Printed Name Signature: _____

   _____ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.

_____ (f) Is pending classification; or

_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

YOU ARE BEING PLACED INTO ADMINISTRATIVE DETENTION PENDING A SIS INVESTIGATION BETWEEN FCI THREE RIVERS AND USP BEAUMONT.

---

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date & time) __MAY 6, 1999 6:35 PM__
Staff Witness Signature/Printed Name __J. GENTRY LT.__ Date __MAY 6, 1999 6:30PM__
*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.
Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File
(This form may be replicated via WP)                        Replaces BP-308(52) of JAN 88

*"Exhibit B"*



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, TX. 75219*

June 21, 1999

Mr. Ruben Gutierrez
Reg. No. 52289-079
United States Penitentiary
P. O. Box 26035
Beaumont, Texas 77720-6035

Dear Mr. Gutierrez:

Your letter addressed to the Regional Office, has been forwarded to the Warden for response as the issues you raised pertained to specific staff and institution issues.

Sincerely,

Steve Morris, Correctional Services Administrator

cc: Ernest V. Chandler, Warden
    USP Beaumont

"*Exhibit C*"



# U.S. Department of Justice

Federal Bureau of Prisons

South Central Regional Office     Dallas, Texas 75219

September 13, 1999

Ruben Oscar Gutierrez
Reg. No. 52289-079
United States Penitentiary
P.O. Box 26030
Beaumont, Texas 77720-6030

Mr. Gutierrez,

Your letter dated August 24, 1999, has been forwarded to the Warden for response as the issues you raise pertain to specific staff and Institution issues.

Sincerely,

Steve Morris
Correctional Services Administrator
Bureau of Prisons
4211 Cedar Springs, Suite 300
Dallas, TX. 75219

cc: Ernest V. Chandler, Warden
    USP Beaumont

"Exhibit D"



# U.S. Department of Justice

## Federal Bureau of Prisons

---

**South Central Regional Office**          Dallas, Texas 75219

September 20, 1999

Ruben Oscar Gutierrez
Reg. No. 52289-079
United States Penitentiary
P.O. Box 26030
Beaumont, Texas 77720-6030

Mr. Gutierrez,

Your letter dated September 12, 1999, has been forwarded to the Warden for response as the issues you raise pertain to specific staff and Institution issues.

Sincerely,

*for*

Steve Morris
Correctional Services Administrator
Bureau of Prisons
4211 Cedar Springs, Suite 300
Dallas, TX. 75219

cc: Ernest V. Chandler, Warden
    USP Beaumont

_"Exhibit E"_



# U.S. Department of Justice

Federal Bureau of Prisons

South Central Regional Office     Dallas, Texas 75219

October 14, 1999

Ruben Oscar Gutierrez
Reg. No. 52289-079
United States Penitentiary
P.O. Box 26030
Beaumont, Texas 77720-6030

Mr. Gutierrez,

Your letter dated October 5, 1999, has been forwarded to the Warden for response as the issues you raise pertain to specific staff and Institution issues.

Sincerely,

Steve Morris
Correctional Services Administrator
Bureau of Prisons
4211 Cedar Springs, Suite 300
Dallas, TX. 75219

cc: Ernest V. Chandler, Warden
    USP Beaumont

"EXHIBIT F"

Ruben Oscar Gutierrez 52289-079
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas 77720-6030

South Central Regional Office
Correctional Services Administrator
Mr. Steve Morris
4211 Cedar Springs Rd. Suite 300
Dallas, TX 75219

August 24, 1999

Dear Sir:

On June 24, I received your advisory letter regarding the forwarding of my complaint to USP Beaumont Warden Chandler. Sixty (60) days have elapsed since the date I requested your assistance. During said time period I have sent a number of cop-outs to my counselor, case manager, unit manager, SIS LT's, SIA LT. and the Warden in reference to my present situation. As before, I have been ignored and have not received a single response.

On August 17, I spoke to Warden Chandler regarding my letter and his response. I showed him the advisory letter you sent me. He informed me that your letter states "for response" and not "to respond," therefore, he was not required to give a response. I believe sixty (60) days is more than sufficient time to look into the situation and respond. Since my arrival here on May 7th I have submitted cop-outs and confronted staff respectfully in an attempt to obtain information pretaining to

(CONT)

My continued detention in segregation. I have filed numerous cop-outs requesting appointment of counsel so that maybe he can answer my questions and help my situation. No responses.

As of Sept 4, (180) days will have elapsed since my placement in Special Housing Unit, pending investigation. According to BOP policy statement 5270 an institutional investigation runs for ninety (90) days. When the time expires an additional ninety (90) days can be obtained through a written request to the regional office. I have not received a copy of such a request. At the end of the 180 days the inmate must be sanctioned if possible, if not he is to be released back to population. The investigation I am under stems from two unsigned drop notes. It is an SIS investigation and falls under the above circumstances. I have been transferred away from my family with no justification other than the drop notes. The time frame has expired and I should either be transferred back close to my family or released to population. It is obvious I will not receive a response at institutional level and it is unfair to be kept in these conditions. Now, 600 miles away from my family, visits through a glass plate on phone, one hr rec a day and a 10 min phone call every 30 days.

Therefore, I pray that you consider my request, my questions and my position. Resolve the problem and have me transferred back to Three Rivers or released to the compound as warranted by BOP policy. Thank you for your time and consideration.

Respectfully submitted,

*[signature]*

Ruben D. Gutierrez  52289-079

"EXHIBIT G"

# RESPONSE TO INMATE REQUEST TO A STAFF MEMBER

Gutierrez, Ruben
Reg. No. 52289-079
Unit: Special Housing Unit

Your letter dated August 24, 1999, to Steve Morris, South Central Regional Office, has been forwarded to my office for a response, in which you allege the Counselor, Case Manager, Unit Manager, SIS, SIA, and Warden are not responding to your conditions of confinement.

A review of your status in Administrative Detention, revealed on May 6, 1999, you were transferred to Beaumont, from FCI Three Rivers, as a result of an investigation by the Special Investigative Supervisor's Office. Further review revealed the investigation has been referred to the Office of the Inspector General and the Federal Bureau of Investigations, and is pending.

10/13/99
Date

Ernest V. Chandler, Warden

Ruben A. Gutz 52289-079
Note by Petitioner:

US vs Gouveia 704 F2d 1116
Key #7: Prisons: 13(5,9)

If prison inmate is held in isolation after maximum disciplinary period has expired, he should be allowed to show that his detention, at least part, is due to pending investigation or trial for criminal act and, under these circumstances, inmate must ask for attorney, establish indigency, and make prima facie showing that one of the reasons for continued detention is investigation of felony, and, at that point, prison officials must either refute inmate's showing, appoint counsel or release inmate back into general prison population. (U.S.C.A. Amend 6)

(EXHIBIT H)

Petitioners visitation has been hindered in that he has been moved 600 miles from his family. Visitation in U.S.P. Beaumont Segregation is through a glassplate phone booth. Their are only (4) four phone booths and are first come first serve with unlimited time visits. Therefore, Petitioners family has not visited. A trip from petitioners' families residence cost about 400.00 - 500.00 and family cannot afford to drive all that way and spend that amount to not be allowed a visit.

Petitioner in U.S.P. Beaumont Segregation is limited to (1) one, ten (10) minute phone call a month. This prison has the ITS system. A system that requires the party to be called to fill out a form giving authority to the calling party permission to call. Legal phone calls are approved by the Counselor, Case Manager or Unit Manager. Petitioner has had the honor of seeing them maybe six (6) times since his arrival here. Also petitioner has no attorney on his phone list and no money to hire one.

Petitioners mail has been held up to 30 days. Petitioners family has letters written by him on a previous month and stamped the following month a departure from Post Office. Ex. a letter written in June 15, 1999 with Postal seal on envelope with July 21, 1999.



*Exhibit I.*

# U.S. Department of Justice

Federal Bureau of Prisons

South Central Regional Office          Dallas, Texas 75219

December 7, 1999

Ruben Oscar Gutierrez
Reg. No. 52289-079
United States Penitentiary
P.O. Box 26030
Beaumont, Texas 77720-6030

Mr. Gutierrez,

Your letter dated November 9, 1999, to the Regional Director has been forwarded to me for response. You were transferred from FCI Three Rivers and placed in Administrative Detention at USP Beaumont on May 6, 1999, pending an investigation. Once the investigation is complete, appropriate action will be taken. I have also forwarded a copy of this letter to the Warden for information purposes.

Sincerely,

Steve Morris
Correctional Services Administrator
Bureau of Prisons
4211 Cedar Springs, Suite 300
Dallas, TX. 75219

cc: Ernest V. Chandler, Warden
    USP Beaumont

EXHIBIT J-1



— EXHIBIT J-2 —

ACCOUNT STATEMENT