IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 27 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RUBEN OSCAR GUTIERREZ | § | |
| | § | |
| V. | § | C.A. NO. C-00-91 |
| | § | |
| MICHAEL PURDY | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Proceeding *pro se*, petitioner filed this petition for habeas corpus (D.E. 1) under 28 U.S.C. § 2241 challenging his transfer from a federal correctional institution, FCI Three Rivers, to a federal penitentiary, USP-Beaumont, and challenging his placement in administrative segregation.

For the reasons discussed below, it is recommended that the petition be dismissed pursuant to Rule 4 of the rules governing habeas cases. 28 U.S.C. § 2254, Rule 4.

## BACKGROUND

Petitioner claims that, on March 4, 1999, he was placed in administrative segregation. He was later informed that his placement was changed because he was under investigation for a felony. He was subsequently transferred to U.S.P.-Beaumont on May 6, 1999. He has remained in administrative segregation in U.S.P.-Beaumont since his arrival. Petitioner complains that his transfer was unconstitutional because his due process rights were not honored. He asserts that he received no written notice of detention before being placed in administrative segregation, and received no hearing before he was transferred.

## APPLICABLE LAW

Habeas corpus petitions must meet heightened pleading requirements. See 28 U.S.C. § 2254, Rule 2(c). Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. See 28 U.S.C. § 2254, Rule 4. A district court may properly dismiss a petition under Rule 4 if the claims for habeas relief are frivolous, or if it appears from the face of the petition that the petitioner is not entitled to relief. Flowers v. Blackburn, 779 F.2d 1115, 1119 n. 5 (5th Cir.), cert. denied, 475 U.S. 1132, 106 S.Ct. 1661 (1986). Rule 1(b) of the rules governing habeas cases permits the court to apply Rule 4 even if the petition is not brought under § 2254. See, e.g., Gaitan-Campanioni v. Thornburgh, 777 F.Supp. 1355, 1356 (E.D. Tex. 1991).

### A.     Due process claims

Petitioner claims that his transfer to U.S.P.-Beaumont and placement in administrative segregation violate the Due Process Clause of the United States Constitution. A due process violation occurs when a prisoner is deprived of his liberty or property without due process of law. See, e.g., Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981). In order to establish a claim under the Due Process Clause, petitioner must demonstrate that he possessed a liberty interest in remaining in confinement in a particular place and under particular conditions. Petitioner is unable to meet this burden.

First, a prisoner has no liberty interest in being housed at a particular prison; thus no liberty interest is infringed when an inmate is transferred from one prison to another either with or without a hearing. Meachum v. Fano, 427 U.S. 215, 223, 96 S.Ct. 2532, 2538 (1976); Montayne v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547 (1976). A prisoner may be entitled to due process

2

protections under those circumstances only when a state creates a liberty interest. <u>Sandin v. Conner</u>, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2299-2300 (1995); <u>Vitek v. Jones</u>, 445 U.S. 480, 486-487; 100 S.Ct. 1254, 1260-1261 (1980). Petitioner cites no state statute or regulation which affords a liberty interest in incarceration at a particular prison, and the Court finds none. Petitioner points only to a federal regulation which requires the consent of the United States Attorney for transfers of federal prisoners to state prisons when a prisoner must appear in state court. See 28 C.F.R. § 527.31. This policy does not apply to petitioner. Thus, petitioner has failed to allege a due process violation with respect to his transfer to U.S.P.-Beaumont.

Second, a prisoner has no liberty interest in being confined in an environment that is less restrictive than administrative segregation. The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." <u>Hewitt v. Helms</u>, 459 U.S. 460, 468, 103 S.Ct. 864, 869 (1983). The Supreme Court held in <u>Sandin v. Conner</u>, 515 U.S. 472, 483, 115 S.Ct. 2293, 2300 (1995), that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Id.</u> at 485, 115 S.Ct. at 2301. "[A]dministrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." <u>Pichardo v. Kinker</u>, 73 F.3d 612, 612-13 (5th Cir. 1996) ("[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim."). Petitioner has therefore failed to establish an essential element of his claims: that he possessed a liberty interest that was infringed.

3

Thus, petitioner is unable to demonstrate that his due process rights were violated by his transfer to a different federal prison or by his placement in administrative segregation. Accordingly, petitioner's claims should be dismissed.

## RECOMMENDATION

Petitioner's petition should be dismissed because petitioner has made no claim which entitles him to relief.

Respectfully submitted this 23 day of March, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

4

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).